ARTHUR T. MOODY v. DENSEL AVERY WIDNER.

(Filed 13 April, 1966.)

APPEAL by plaintiff from *Crissman, J.,* November 8, 1965 Civil Session of DAVIDSON.

On the morning of April 18, 1964, the plaintiff procured a room at the Cavalier Motel located on the east side of U. S. Highway 29-70 (I-85) south of Lexington. The plaintiff and a man by the name of Yarborough, whose first name the plaintiff did not recall, and another man whose name he did not know, decided to do some drinking. They spent most of the day drinking white liquor, beer and bourbon. The last of the liquor or bourbon was consumed at the plaintiff's motel room by the three parties referred to above or by the plaintiff alone about 5:00 P.M. on the day in question.

The plaintiff went to sleep in his motel room about 5:30 or 6:00 o'clock and woke up about 9:30 or 10:00 o'clock, and went to Bill's Truck Stop located about one-half mile north of the Cavalier Motel, where he purchased a cup of coffee, a coca-cola and a ham-

burger. He remained at the restaurant for about an hour and a half and left there about 11:45 P.M. to return to his room. He had proceeded along the eastern shoulder of the two northbound lanes of the by-pass around Lexington to a point about 100 yards south of the intersection of 29-A and 29-70 (I-85) where the highway going north curves sharply to the left, at which time the plaintiff decided to cross the highway and proceed southward on the western side thereof. Plaintiff testified that he looked to the south, where he could see for a distance of 400 or 500 feet, and saw no car approaching. The northbound lanes were each 12 feet wide. He crossed the first lane and was about midway of the left northern lane when the defendant, who was in the act of passing another car, saw him and tried to turn to the right so as to miss him, but failed. At the time the defendant's car hit the plaintiff, he was approximately three or four feet from the western edge of the roadway. The plaintiff testified that he never saw the defendant's car approaching until it was only 75 feet away and he was about the middle of the left lane, in which the defendant was travelling. He further testified he never saw the car travelling in the right northern lane, which the defendant was passing.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was denied. The motion was renewed at the close of all the evidence and allowed. Plaintiff appeals, assigning error.

*Phillips, Bower & Klass and Walser, Brinkley, Walser & McGirt for plaintiff appellant.*

*Jordan, Wright, Henson & Nichols and William D. Caffrey for defendant appellee.*

Per Curiam. After a careful review of the evidence adduced in the trial below we are of the opinion that the plaintiff's evidence is insufficient to establish actionable negligence against the defendant, and we so hold. The judgment as of nonsuit is

Affirmed.

Moore, J., not sitting.